UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X
ALONA JENNINGS; YOLAND BROWN; FANTASIA HILLIARD; BRINDA MOORE; SHIRITA MOORE; and CECILIA SMITH;

                                    Plaintiffs,

v.

THS GROUP LLC; SPHW COMPANY INC.; DAVID SERUYA; DOES 1-100; and ROES 1-1000;

                                    Defendants.
-----------------------------------------------------------X

Case No.: 2:24-cv-09879

**DEFENDANTS' NOTICE OF REMOVAL**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

Defendant, THS GROUP LLC ("THS"), hereby removes the above-captioned case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447 from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

**I.   BACKGROUND**

    **A.   Procedural Background of Superior Court Action**

1.    On September 16, 2024, Plaintiffs, ALONA JENNINGS, YOLAND BROWN, FANTASIA HILLIARD, BRINDA MOORE, SHIRITA MOORE, and CECILIA SMITH (hereinafter collectively "Plaintiffs"), filed a complaint in Superior Court of New Jersey, Middlesex County, Law Division against defendants, THS, SPHW COMPANY INC. ("SPHW"), and DAVID SERUYA

("SERUYA") bearing docket no.: MID-L-5277-24 (the "Complaint" or "Superior Court Action"). (**Exhibit "A"** annexed hereto, hereinafter referred to a "Compl.").

2. As far as undersigned counsel is aware, defendant THS was served on September 18, 2024, and, defendant, SERUYA, was served on October 2, 2024.

3. Additionally, as undersigned counsel understands, defendant's, SPHW, former, and currently inactive, agent for service of process in New Jersey received a copy of the Complaint on September 18, 2024.

4. None of the affidavits of service were filed on the e-filing system in the Superior Court Action. (**Exhibit "B"**)

5. This action arises from defendants alleged unlawful advertising and solicitation of professional services via email within the State of California, in violation of California's Anti-Spam Law, codified under California Business and Professions Code § 17529.5.

6. Plaintiffs seek recovery of statutory liquidated damages and attorneys' fees in excess of $100,000.00 pursuant to California Business and Professions Code § 17529.5.

**B. General Overview of The Complaint**

7. Plaintiffs, citizens and domiciliaries of California, bring suit against the named defendants – THS and SERUYA (citizens of Pennsylvania and New York[1]), and SPHW (a dissolved and defunct entity) – under the California's Anti-Spam Law, California Business & Professions Code § 17529.5 ("17529.5"). Compl. ¶¶1-7, 23, 24, and 26.

---

[1] The complaint wrongfully alleges that the named defendants, THS and SERUYA respectfully are citizens and domiciliaries of the state of New Jersey. SPHW is a dissolved and defunct entity. Compl. ¶¶ 23, 24, and 26.

8.  In their 49-page complaint, Plaintiffs allege that named defendants sent over 100 unsolicited emails advertising services to Plaintiffs in California, thereby violating California Business and Professions Code §17529.5. Compl. ¶¶40-47.

9.  Plaintiffs allege that defendants THS and SPHW engaged in advertising through more than 100 unsolicited commercial emails sent to Plaintiffs' email accounts. Comp1. ¶¶ 40-47. In a transparent attempt to manufacture claims against SERUYA personally, Plaintiffs seek to bypass THS—an active entity—by instead targeting SERUYA through SPHW, a dissolved corporation. Comp1. ¶¶ 24-26. Plaintiffs try to connect these unrelated entities through Pennsylvania's fictitious business names, claiming SPHW was merely a shell for SERUYA's personal activities. See Compl. ¶¶ 23-26. However, this theory is nothing more than an attempt to draw unfounded parallels between a defunct corporation and a legitimate business. Moreover, the single representative email Plaintiffs attach does not even mention THS, SPHW, or SERUYA at all. See Compl. Exhibits "A" and "B".

10. Plaintiffs seek to recover only statutory damages in excess of $100,000.00 exclusive of costs and attorneys' fees Compl. ¶¶ 4, 6, 15, 42, 91, 42, 102, 114-136.

11. Plaintiffs request for relief seeks an order declaring Defendants violated Cal. Bus. & Prof. Code §17529.5 for the unlawful advertising in unsolicited emails to Plaintiffs, certification of the action as a class action, and a monetary award for statutory damages costs inclusive of attorneys' fees in excess of $75,000.00.

## II. BASIS FOR REMOVAL

### A. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1441 and 1332 on the Basis of Diversity Jurisdiction.

12. Under 28 U.S.C. § 1441 defendants may remove a case filed in a state court to federal court when the district court embracing that state court has original jurisdiction. Under 28 U.S.C. §1332, district

courts shall have jurisdiction where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

13. As set forth below, both requirements are met in this case. Additionally, when an action is removed on the basis of diversity under 28 U.S.C. § 1332, and defendants are sued under allegedly fictitious names, their citizenship is disregarded pursuant to 28 U.S.C. § 1441(b)(1). Furthermore, under the doctrine of fraudulent joinder, this case is also removable on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

14. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

**a. There is Complete Diversity of Citizenship Among the Parties.**

15. "The existence of diversity jurisdiction is determined by the "time-of-filing" rule, which provides that a court has diversity jurisdiction only if the parties are completely diverse at the time the action was filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.' " (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824))). *Clements v. Sanofi-Aventis, U.S., Inc.*, CV 14-1423 (KM), 2016 WL 1298043, at *2 (D.N.J. Mar. 17, 2016), *report and recommendation adopted*, 14-CV-1423 (KM)(JBC), 2016 WL 1276148 (D.N.J. Apr. 1, 2016). For purposes of diversity jurisdiction "[a]n individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). . . . A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business . . ." *Holliday v. Prime Care Med.,* 520 F. Supp. 3d 639, 643 (E.D. Pa. 2021). Additionally "[w]hen the defendant [ ] is a[n] Limited Liability Corporation ("LLC"), 'the citizenship [ ] is determined by the citizenship of [each of] its members.'" *Zambelli Fireworks Mfg. Co.*

*v. Wood*, 592 F.3d 412, 420 (3d Cir.2010). *Okechuku v. Sharp Mgmt.,* 522 B.R. 762, 765 (D.N.J. 2014), see also *Coleman v. Chase Home Fin., LLC,* CIV.08-2215NLHJS, 2009 WL 1323598, at *1 (D.N.J. May 11, 2009) ("the citizenship of an LLC is determined from the citizenship of all of its members. Id. (stating that the rationale for treating an LLC as a partnership is based on the Supreme Court's decision in Carden v. Arkoma Assoc., 494 U.S. 185, 195–96 (1990), which held that the citizenship of a limited partnership for diversity jurisdiction purposes is determined by the citizenship of all its members)").

### (i) Plaintiffs are all citizens of and domiciled in California

16. At the time of filing, Plaintiffs (all of whom are individuals) allege that they are all citizens of and domiciled in the state of California. Compl. ¶¶ 17-22.

### (ii) Defendant THS Group LLC is a Citizen of New York

17. Plaintiffs' complaint further alleges that (i) Defendant THS is a Pennsylvania limited liability company with its principal place of business in Edison New Jersey, and, thus, should be a citizen of the state of New Jersey. Comp. ¶23.

18. However, this is incorrect. Although THS is limited liability company formed in Pennsylvania, it has a post office box at 518 Old Post Rd, Ste 7, Edison, NJ 08817 (See **Exhibit "C"** – post office box address designation) – an employee assistant in New Jersey retrieves its mail – , it's principal place of business is located at 1808 Avenue P, Suite 101, Brooklyn, NY 11229 (See **Exhibit "D"**– Utility Bills), but, its members are citizens of the State of New York.

19. SERUYA, a majority member of THS and its managing member, is a citizen and domiciliary of New York (See **Exhibit "E"** – Membership to local synagogue, deed history of home ownership, and utility bill), with his present domicile at 914 Avenue K, Brooklyn, NY 11230. The other

member of THS, a minority member, is also a citizen of New York, resident at 914 Avenue K, Brooklyn NY 11230.

20. Based on the foregoing as well as the details further set forth regarding SERUYA's individual citizenship, THS is properly deemed a citizen of the State of New York.

### (iii) SPHW Should Be Disregarded as it is a Defunct Corporation Making Any Suit Against It Futile

21. The law in New Jersey regarding the ability of dissolved corporations to be sued is the New Jersey Business Corporation Act, N.J.S.A. § 14A:1–1 et seq.

22. It is well established law in New Jersey that a corporation may not be sued indefinitely after it has dissolved, wound up its affairs, and distributed all of its assets. See *Glob. Landfill Agreement Grp. v. 280 Dev. Corp.*, 992 F. Supp. 692, 695 (D.N.J. 1998). Once the corporation finishes the process of winding up its affairs, it ceases to exists, it is no longer amenable to suit and it may not be sued in perpetuity. *Id.* In other words, "[o]nce those affairs are fully adjusted, however, suing the defunct corporation is futile." *Id.*

23. Furthermore, "[i]n determining whether there is diversity jurisdiction, a district court must consider the citizenship of defendants who are 'real and substantial parties to the controversy.' *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980). 'Thus, a federal court must disregard nominal or formal parties,' *id.* at 461, 100 S.Ct. at 1782, 'and can base its jurisdiction only upon the citizenship of parties with 'a real interest in the litigation,'' *SmithKline Beecham*, 724 F.3d at 358 (quoting *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991))." *Walsh v. Defs., Inc.*, 894 F.3d 583, 589 (3d Cir. 2018)

24. Plaintiffs allege that Defendant, SPHW, is a dissolved New Jersey corporation and before commencing business had a principal place of business in Edison New Jersey. Comp ¶ 24.

25. This is true in part. SPHW is a dissolved and defunct New Jersey corporation, however, it was dissolved in 2022 before commencing business, was never an active company, and has not been active since 2022. (**Exhibit "F"**).

26. Thus, SPHW, in essence, is a quintessential nominal party and should be disregarded. Corporations that are "now-extinct" are nominal parties who could be disregarded in scrutinizing removal and diversity jurisdiction.  See *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). See also *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442 (E.D. Pa. 2019).

    **(iv)**     <u>**SERUYA Is a Citizen and Domiciliary of New York State and Not New Jersey**</u>

27. Plaintiffs unsubstantiated assertion that defendant SERUYA is a resident of the state of New Jersey is incorrect. Comp. ¶26.

28. As previously explained, for purposes of diversity jurisdiction "[a]n individual is a citizen of the state where he is domiciled and intends to remain.

29. It is well established that "'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *Washington v. Hovensa LLC,* 652 F.3d 340, 344 (3d Cir. 2011) quoting *McCann*, 458 F.3d at 286 (quoting *Vlandis v. Kline*, 412 U.S. 441, 454, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973)).

30. From the following exhibits it is apparent that SERUYA's intended place of permanent home, i.e. his domicile, is within the State of New York: (i) Since 2018 his permanent home address is

914 Avenue K, Brooklyn, NY 11230 (See **Exhibit "E"**); (ii) prior to 2018, his permanent home address was 1969 East 13th Street Brooklyn, NY 11229. (See **Exhibit "E"**); (iii) he is an active member of his local synagogue in Brooklyn NY (See **Exhibit "E"**), (iv) and his children attend school, full time, in Brooklyn, New York.

31. For the foregoing reasons SERUYA is domiciled in and a citizen of the State of New York.

32. Based on the foregoing there is complete diversity between the Plaintiffs and the Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**b. The Amount In Controversy Exceeds $75,000.00**

33. Based on the allegations on the face of the Complaint, the amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a) and 28 U.S.C.§ 1441(b).

34. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)).

35. A defendant can establish the amount in controversy based on the allegations of the Complaint. *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 562 (D.N.J. 2000); *Buchanan v. Lott*, 255 F. Supp. 2d 326, 331 (D.N.J. 2003). "[W]here Plaintiff's complaint does not specify an amount of damages, the Court must independently appraise the plaintiff's claims as set forth in the complaint, and determine the amount in controversy 'by a reasonable reading of the value of the rights being litigated.'" *Penn*, 116 F. Supp. at 561 (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

36. Plaintiffs' complaint clearly states that they do not seek and are not entitled to actual damages. Comp. ¶¶ 3, 12, 37, 91 and 94.

37. Rather, Plaintiffs actually set forth the amount they are seeking, which is statutory liquidated damages exceeding $100,000.00, separate from and apart from any recovery of attorneys' fees. Comp. ¶¶ 4, 6, 16, 42, 102, 120, 122, 123, and 126.

38. Plaintiffs contend that violations of California Business and Professional Code §17529.5 entitle them to recover liquidated damages of $1,000.00 per unsolicited email, which they claim is exclusive of attorneys' fees. Comp. ¶¶4, 6, 15, 42, 91, 92, 93, and 114.

39. Plaintiffs further allege that Defendants engaged in tortious conduct violating Cal. Bus. & Prof. Code §17529.5 by advertising in over 100 unsolicited emails to Plaintiffs. Comp. ¶¶ 42, 117, 126, and 130.

40. Thus, a simple calculation of $1,000 per email multiplied by 100 emails totals $100,000.00.

41. Accordingly, based on the allegations of the complaint Plaintiffs' claim and request for relief assert that they seek at least $100,000.00 in liquidated damages plus attorneys' fees, therefore, the amount in controversy, exclusive of costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b).

**B. Removal On the Basis of Diversity Is Proper Because Defendants, SPHW And Seruya Were Fraudulently Joined.**

42. Alternatively, under the doctrine of fraudulent joinder, this case is removable on the basis of diversity under 28 U.S.C. §§ 1332 and 1441.

**a. The Amount in Controversy Exceeds $75,000.00**

43. As previously set forth above and based on the allegations on the face of the Complaint, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as required by 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b).

9

### b. Excluding Fraudulently-Joined Defendants, SPHW and SERUYA, There is Complete Diversity Between the Parties

44. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

45. In order for complete diversity to exist, "no plaintiff [may] be a citizen of the same state as any defendant." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)).

46. Here, Plaintiffs are citizens of California, while Defendants SPHW, a defunct entity and nominal defendant, is alleged to be a citizen of New Jersey, and SERUYA is alleged to be a resident of New Jersey, both of whom have been fraudulently joined. Compl. ¶¶1-7, 24 and 26.

47. At the time Plaintiffs commenced this action and at all times since, SPHW was a dissolved and defunct entity, originally formed and dissolved under the laws of the State of New Jersey (see **Exhibit "F"**), and SERUYA was always a citizen and domiciliary of the State of New York (see **Exhibits "E"**).

48. Defendants need not consider the citizenship of the fictitious Does 1-100 and Roes 1-1000.

49. Plaintiffs Complaint name SPHW and SERUYA as defendants apparently for the sole purpose of defeating diversity and not for its illusory attempt to pierce the corporate veil of a defunct New Jersey corporation. Comp. ¶¶ 24-26.

50. Plaintiffs' allegations and circumstances surrounding defendants SPHW and SERUYAs inclusion in this case support that Plaintiff lacks colorable claims, or the intent to pursue such claims against SPHW and SERUYA and that they were named solely to defeat diversity jurisdiction.

51. Defendants', SPHW and SERUYA, citizenship should therefore be disregarded for the purposes of the jurisdictional analysis, pursuant to the doctrine of fraudulent joinder.

52. Once defendants, SPHW and SERUYA, citizenships are disregarding, completely diversity exists amongst the parties, and removal is proper under 28 U.S.C. §§ 1332(a)(1).

53. Accordingly, the present lawsuit may be removed from Superior Court of New Jersey, Law Division, Middlesex County, and brought before the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

### (i) Defendants SPHW and SERUYA have been Fraudulently Joined.

54. It is well-settled that a non-resident defendant's right to remove a case on diversity grounds "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921) (internal citations omitted). In such a case, the non-resident defendant may show by petition for removal that the joinder is "only a sham or fraudulent device to prevent a removal." Id. (internal citations omitted).

55. The Third Circuit has recognized this right on many occasions. "Joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)) (emphasis added); see also Batoff v. State Farm Ins. Co., 977 F.2d 848 (3d Cir. 1992); Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3d Cir. 1990).

56. If the claims against the non-diverse defendant are "wholly insubstantial and frivolous" then joinder is fraudulent. Carneys Point Twp. v. E. I. du Pont de Nemours & Co., 2017 WL 3189886, at *3 (D.N.J. July 26, 2017) (quoting Batoff, 977 F.2d at 851). To determine whether joinder is fraudulent, the court is to "assume as true all factual allegations of the complaint." Carneys Point, 2017 WL 3189886, at *3 (quoting Batoff, 977 F.2d at 851).

57. Defendant SPHW ceased to exist nearly two years before Plaintiffs filed their Complaint. **Exhibit "F"**.

58. A search of SPHW on the Pennsylvania Department of State website reveals that SPHW was a New Jersey corporation registered in Pennsylvania as a foreign entity, which has since been terminated (**Exhibit "G"**).

59. In attempting to justify the joinder of SPHW as a named defendant, Plaintiffs recklessly point to the terms and conditions on THS's website, www.serviceplus.com/terms (last viewed October 16, 2024, and not updated in over three years) (**Exhibit "H"**). They assert that because the website claims to operate through "Service Plus Home Warranty, a Pennsylvania limited liability company" (see Compl. ¶25 and **Exhibit "H"**) and because no such company is registered in Pennsylvania—while also listing a New Jersey office address—SPHW, through two Pennsylvania registered fictitious names "ServicePlus" and "ServicePlus Home Warranty", must be a shell for SERUYA's personal activities. Comp. ¶25.

60. Plaintiffs have deliberately ignored the information available on the Pennsylvania Department of State website showing the two registered Pennsylvania fictitious names – "ServicePlus" and "ServicePlus Home Warranty" – are associated with THS (**Exhibits "I" "J" and "K" respectively**), a Pennsylvania limited liability company, as compared to the names associated with the dissolved SPHW entity (**Exhibits "L" and "M"**). This overreaching effort seeks to name the dissolved entity (SPHW) as a defendant and implicate SERUYA personally, without even a tenuous claim that he is a citizen of the State of New Jersey.

61. A search of those fictitious names, "ServicePlus" and "ServicePlus Home Warranty", on the Pennsylvania Department of State website, which Plaintiffs undoubtedly conducted, reveals that two names, "ServicePlus" and "ServicePlus Home Warranty", bearing registration numbers 7222970 and 7222960 respectively, are associated with the defunct and dissolved entity, SPHW, (See **Exhibits "L"**

**and "M"**), while the other two registered fictitious names, "ServicePlus" and "ServicePlus Home Warranty" bearing registration numbers 7208124 and 7208216 respectively are associated with the active Pennsylvania limited liability company, THS (See **Exhibits "I" and "J"**).

62. A review of the terms and conditions of the website, www.serviceplus.com/terms, examined by Plaintiff, clearly states that "ServicePlus Home Warranty" is a Pennsylvania limited liability company. The only Pennsylvania limited liability company associated with that fictitious name is THS.

63. The joinder of SPHW and SERUYA as a defendants is unfounded, overreaching, and manufactured to improperly maintain this action in state court despite their full knowledge of its dissolution.

64. In their attempts to justify their allegations, Plaintiffs alleged that SERUYA is a resident of New Jersey, a claim made without any credible basis or regard for the truth. This baseless assertion is a purposeful attempt at circumventing federal jurisdiction.

65. The plaintiffs' strategy reflects a blatant disregard for factual accuracy, as they have overlooked SERUYA's actual residency and citizenship in New York, which is well-documented and readily verifiable. Their allegations serve only to mislead the court and further their unfounded claims against him.

66. Moreover, the Plaintiffs' willingness to ignore the factual realities surrounding SERUYA's citizenship underscores their lack of good faith in pursuing this action. By fabricating a connection to a defunct entity and distorting the truth regarding SERUYA's citizenship and domicile, they reveal their intent to engage in forum shopping rather than to pursue a legitimate legal claim.

67. The entire narrative constructed by the Plaintiffs not only lacks a solid factual foundation but also raises serious questions about their motives. Their efforts to entangle SERUYA in this action—

while knowing full well the dissolution of SPHW and the true nature of his residency—demonstrate an egregious attempt to manipulate the legal system for their own benefit.

68. The circumstances of such joinder are not compatible with a good-faith intent to prosecute claims and SPHW and SERUYA, thus, their inclusion in this case constitutes fraudulent joinder.

69. In sum, this action also may be removed from the Superior Court of New Jersey, Law Division, Middlesex County to this Court by THS in accordance with the provisions of 28 U.S.C. §§ 1332, 1441 and the other federal statutes referenced herein because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of New Jersey; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

### III. DEFENDANT, THS, HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

70. Plaintiff filed the Complaint in the Superior Court of the State of New Jersey, Middlesex County on September 16, 2024. As far as undersigned counsel is aware, and as of the filing of this Notice of Removal, Plaintiffs have served Defendant, THS a on September 18, 2024, SERUYA on October 2, 2024, and most possibly a former agent of service of process for SPHW on September 18, 2024. Accordingly, this Notice of Removal is timely filed. See 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

71. True and correct copies of all process, pleadings, and orders served on defendants, THS and SERUYA, in the action pending in the Superior Court of New Jersey, Middlesex County, Law Division and are attached hereto as **Exhibits "A" and "B"**.

72. This Court is part of the division and division within which this action was filed. 28 U.S.C. § 1441(a).

73. All co-defendants who have been properly joined and served with state-court process have consented to removal. Co-defendant SPHW is a dissolved and defunct corporation, making it a nominal defendant; therefore, consent is not required.

74. The defendant, SERUYA, has signed consents to the removal, and the consent to removal is attached hereto as **Exhibit "N"**.

75. Promptly after filing this Notice of Removal, Defendant, THS, shall cause a true and correct copy of the same to be filed with the Clerk of the Court for the Superior Court of New Jersey, Middlesex County, where the case was filed, pursuant to 28 U.S.C. § 1446(d), along with a Notice of Filing of Notice of Removal, a copy of which is attached hereto as **Exhibit "O"**.

## Preservation of Rights and Defenses

76. By removing this action from Superior Court of the State of New Jersey, Middlesex County, defendants, THS and SERUYA, do not waive any defenses available to them.

77. By removing this action from the Superior Court of the State of New Jersey, Middlesex County, defendants, THS and SERUYA, do not admit any of the allegations in plaintiffs complaint.

78. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, e.g., failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

79. THS also reserves the right to amend or supplement this Notice of Removal

**WHEREFORE** Defendant, THS, respectfully gives notice that the above-captioned civil action pending in the Superior Court of the State of Jersey, Middlesex County is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Dated: October 15, 2024
Brooklyn, NY

Respectfully submitted,

By: /s/ Edward S. Antar
Edward S. Antar, Esq.
44 Court Street, Suite 1207
Brooklyn, NY 11201
(212) 388-0900
edward@antar.law
*Attorneys for Defendant(s) THS GROUP LLC; DAVID SERUYA*