**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALONA JENNINGS, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>THS GROUP LLC, et al.,<br><br>*Defendants*. | Civil Action No. 24-9879<br><br>**OPINION**<br><br>June 12, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on two motions: Plaintiffs Alona Jennings, Yolanda Brown, Fantasia Hilliard, Brinda Moore, Shirita Moore, and Cecilia Smith's (collectively, "Plaintiffs") motion to remand (ECF 12, "Pl. Mot."), and Defendants THS Group LLC ("THS"), SPHW Company Inc. ("SPHW"), and David Seruya's (collectively, "Defendants") motion to dismiss Plaintiffs' Complaint (ECF 1-1, "Compl."). (ECF 11, "Def. Mot.") The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Plaintiffs' motion to remand is **GRANTED** and Defendants' motion to dismiss is **DENIED AS MOOT**.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1-1) and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The instant class action lawsuit alleges that Defendants sent over 100 spam emails to Plaintiffs' Gmail and Yahoo accounts advertising ServicePlus, a home warranty service. ("Compl." ¶¶ 42-45.) Plaintiffs assert that the unsolicited commercial emails were sent in violation of California's Anti-Spam Law, codified at California Business & Professional Code § 17529.5, which prohibits deceptive commercial email advertisements. (*Id.* ¶¶ 1, 7.) The emails at issue originated from unidentified third-party senders, designated as ROES 1-700, who promoted services affiliated with ServicePlus. (*Id*. ¶¶ 31-32). Plaintiffs contend that ServicePlus is affiliated with Defendants. (*Id.* ¶¶ 25-26.) Plaintiffs did not consent to receiving these emails. (*Id.* ¶ 46.)

Each of the Plaintiffs in the proposed class reside in California. (*Id*. ¶¶ 17-22.) They allege that Defendant David Seruya, who is a member of THS and the former Chief Executive Officer of SPHW, is domiciled in New Jersey and that both THS and SPHW maintain principal places of business in Edison, New Jersey. (*Id*. ¶¶ 23-24, 26.) Defendants dispute these assertions. (*See* Def. Opp. at 6-9.) Defendant Seruya maintains that he has lived in Brooklyn, New York for over 18 years and currently resides at 914 Avenue K in Brooklyn. (ECF 11-1, "Seruya Decl." ¶¶ 2-3.) He avers that SPHW was dissolved on November 1, 2022 before commencing any business. (*Id.* ¶ 9; ECF 11-4, "Ex. C".) THS is a limited liability company organized under the laws of the State of Pennsylvania with a principal place of business in Brooklyn, New York, where all core business operations and executive activities occur. (ECF 11-5, "THS Decl." ¶¶ 1, 4.) THS holds fictious names "ServicePlus Home Warranty" and "ServicePlus." (*Id.* ¶ 3; ECF 18-8, "Ex. F.") Defendant Seruya and his wife are the sole members of THS. (*Id.* ¶ 2.) Defendant Seruya further avers that THS does not operate or conduct any management activities in New Jersey, and that it maintains a P.O. box in Edison, New Jersey for the sole purpose of receiving mail. (*Id.* ¶ 6.)

Plaintiffs originally filed this class action in the Superior Court of New Jersey, Middlesex County on September 16, 2024, seeking liquidated damages under California Business and Professions Code § 17529.5.[2]  (Compl. ¶ 12, 15.)  Defendants timely removed to this Court on October 17, 2024.  (ECF 1.)  On November 12, 2024, Plaintiffs moved to remand the case to state court, challenging Defendants' removal as procedurally deficient and arguing that Defendants failed to establish diversity or that the amount in controversy exceeds $75,000.  (*See generally* Pl. Mot.)  Defendants filed a brief in opposition (ECF 18, "Def. Opp."), and Plaintiffs filed a reply (ECF 21, "Pl. Reply").  On November 13, 2024, Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## II.     STANDARD OF REVIEW

The federal removal statute allows a defendant to remove an action filed in state court to a federal court which would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"  28 U.S.C. § 1332(a).  When an action is removed by a defendant, a plaintiff may challenge the removal by moving to remand the case.  28 U.S.C. § 1447.  The two grounds for remand are "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  *Frederico v. Home*

---

[2] Defendants allege that Plaintiffs are "'professional plaintiffs' who regularly file lawsuits under §17529.5."  (Def. Opp. at 2) (citing *Baisden et al. v. Life Line Screening*, No. 24-2173 (N.D. Cal. Apr. 11 2024); *Hilliard et al. v. NRRM et al.*, No. 23-4285 (N.D. Cal. Aug. 22, 2023); *Dixon et al. v. Primal Health L.P.*, No. 24-613692 (Cal. Sup. Ct. Apr. 24, 2024); *Mendez et al. v. Celtic Bank Corp.*, No. 24-613164 (Cal. Sup. Ct. Mar. 15, 2024)).

3

*Depot*, 507 F.3d 188, 193 (3d Cir. 2007). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties about the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes are strictly construed against removal and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### III. ANALYSIS

Defendants timely removed this action on October 17, 2024. (ECF 1.) Plaintiffs argue that Defendants' removal was procedurally deficient because SPHW, which Plaintiffs allege is a citizen of New Jersey, violates the forum defendant rule. (Pl. Br. at 7.) Plaintiffs also contest that the amount in controversy exceeds $75,000. (*Id.* at 6.) The Court will address each argument in turn.

#### A. Diversity of Citizenship

When a defendant seeks removal based on diversity jurisdiction, the forum defendant rule bars removal where any one of the defendants is citizen of the state where the plaintiff filed the state court litigation. 29 U.S.C. § 1441(b)(2). Under the forum defendant rule, an action filed in New Jersey state court cannot be removed to this Court if any defendant in that action is a citizen of New Jersey. *Harrison v. Katsanos*, No. 23-21433, 2023 WL 8358476, at *3 (D.N.J. Nov. 29, 2023). The citizenship of a limited liability company is determined by the citizenship of its members, not its state of formation nor principal place of business, *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2011), while an individual's citizenship is determined by domicile—the state where an individual maintains a permanent home to which he intends to return when absent. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

4

While Plaintiffs allege that Defendants are New Jersey citizens and argue that Defendants "provide no supporting documents, let alone admissible evidence" to identify their citizenship (Pl. Mot. at 4), this Court is permitted to consider affidavits and declarations offered by Defendants in support of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (noting that a court may resolve a jurisdictional dispute on the offered proof). Here, Defendants have established that the parties are diverse through proffered declarations and exhibits. Defendant Seruya and his wife are undoubtedly citizens of New York.[3] (Seruya Decl. ¶¶ 3-5.) THS's citizenship is determined by the domicile of its two members, David and Monique Seruya, who reside in and have raised a family in New York. (*Id.*; THS Decl. ¶ 2.)

Plaintiffs' argument against diversity hinges on the citizenship of SPHW, which was incorporated in New Jersey but is now dissolved.[4] (Ex. C.) Plaintiffs allege that SPHW is a proper

---

[3] To determine a party's domicile, courts look to a variety of factors, including "establishment of a home," "place of employment," "and generally, the center of one's business, domestic, social and civil life." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 401 (3d Cir. 2008.) Courts may also look to "payment of personal taxes…location of spouse and family, membership in unions and other organizations." *McCann v. Newman Irrevocable* Trust, 458 F.3d 281, 286 (3d Cir. 2006). Defendant Seruya attests that he and his wife reside in the State of New York; he files taxes in the State of New York; he was married in the State of New York; his three children were born and all currently attend school in the State of New York; he is an active, full-time member of a synagogue in the State of New York; and his office is located in the State of New York. (Seruya Decl. ¶¶ 4-11.)

[4] Exhibit C attached to Defendants' motion to dismiss and opposition brief is a certified copy of a signed certificate from the New Jersey State Treasurer, Elizabeth Maher Muoio, dated October 11, 2024, stating:

> I, THE TREASURER OF THE STATE OF NEW JERSEY, DO HEREBY CERTIFY, THAT THE ABOVE NAMED BUSINESS DID FILE AND RECORD IN THIS DEPARTMENT A Dissolved Before Commencing Business ON November 1, 2022 AND THAT THE ATTACHED IS A TRUE COPY OF THIS DOCUMENT AS THE SAME IS TAKEN FROM AND COMPARED WITH THE ORIGINAL(S) FILED IN THIS OFFICE AND NOW REMAINING ON FILE AND OF RECORD.

defendant in this action because it continues to operate "notwithstanding the falsehoods Seruya may have told the New Jersey Department of the Treasury." (Pl. Br. at 10.) Plaintiffs provide no credible evidence to support this claim. "In determining whether there is diversity jurisdiction, a district court must consider the citizenship of defendants who are 'real and substantial parties to the controversy.'" *Walsh v. Defs., Inc.*, 894 F.3d 583, 588 (3d Cir. 2018) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). Thus "a federal court must disregard nominal or formal parties," *Navarro*, 446 U.S. at 460-61, "and can base its jurisdiction only upon the citizenship of parties with 'a real interest in the litigation.'" *Johnson v. SmithKline Beecham Corp.,* 724 F.3d 337, 358 (3d Cir. 2013) (quoting *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991)).

SPHW was dissolved before commencing ***any*** business; it never held a bank account nor engaged in any operations that could establish a connection to the claims asserted in this case.[5] (*See* Ex. C; Def. Opp. at 5.) The Court therefore finds that SPHW is a nominal party lacking a real and substantial interest in this action. *C.f. Walsh*, 894 F.3d at 589-90 (finding that a "defunct" corporation "was a real and substantial party because it allegedly participated in the wrongful conduct" by drafting service contracts before changing its corporate form and partially transferring its assets and liabilities). Accordingly, there is diversity of citizenship among the parties: Plaintiffs, citizens of California, and Defendants, citizens of New York.

### B. Amount in Controversy

This Court lacks subject matter jurisdiction because the amount in controversy does not meet the threshold amount of more than $75,000. "In general, the distinct claims of separate

---

[5] The Certificate of Dissolution issued by the New Jersey Department of Treasury states that SPHW "has not commenced business/activity and has issued no shares, and has no debts or other liabilities." (Ex. C.)

plaintiffs cannot be aggregated when determining the amount in controversy for diversity jurisdiction." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). This is known as the anti-aggregation rule. *Id.* The Supreme Court in *Snyder v. Harris* held that in federal diversity actions a class plaintiff cannot aggregate the claims of all class members to satisfy the jurisdictional amount in controversy except when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." 394 U.S. 332, 335 (1969). The paradigm cases of "common and undivided interest" are those that cannot be adjudicated without implicating the rights of everyone involved, most commonly involving a single, indivisible *res*, such as an estate, property, or insurance policy.[6] *Unitrin Auto & Home Ins. Co. v. Gitter*, No. 06-6035, 2007 WL 2705158, at *3 (D.N.J. Sept. 13, 2007) (internal citations and quotations omitted).

Here, Plaintiffs collectively seek $102,000 in statutory damages: $1,000 for each of the 102 spam emails received. (Compl. at 32 ¶ B.) Plaintiffs' individual claims cannot be aggregated because they each allege distinct harm in the form of separate and specific spam emails. *See Auto-Owners*, 835 F.3d at 395. Plaintiff Brinda Moore maintains the highest individual claim against Defendants, seeking $31,000 for 31 spam emails. (Compl. ¶ 117.) This falls short of the threshold requirement for diversity jurisdiction.

Defendants argue that Plaintiffs' attorneys' fees must be included when calculating the amount in controversy, and that when added to the damages alleged by Plaintiffs, the total amount

---

[6] The Third Circuit in *New Jersey Welfare Rts. Org. v. Cahill* held that a "common and undivided interest" exists when (1) the adversary of the class had no interest in how the claim is to be distributed among members of the class, (2) none of the class members could bring suit without affecting rights of other class members *and* (3) the rights asserted were common to the class rather than individually held. 483 F.2d 723, 725 n.2 (3d Cir. 1973) (allowing aggregation of the claims of the class of all welfare recipients in New Jersey). Here, the class members could bring individual lawsuits against Defendants without affecting the rights of other class members.

exceeds $75,000. (Def. Opp. at 11.) Defendants are correct, and Plaintiffs concede, that attorneys' fees are considered part of the amount in controversy if they are authorized by statute. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

Here, Plaintiffs explicitly seek attorneys' fees as part of their statutory claims, the recovery of which is authorized by statute, *see* Cal. Bus. & Prof. Code § 17529.5(b)(1)(C). (Compl. ¶¶ 122-23.) However, the amount in controversy is calculated *at the time* a plaintiff files a complaint. *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017) (emphasis added) ("We assess the amount in controversy as of 'the time that the complaint was filed'") (quoting *Auto-Owners*, 835 F.3d at 395). Thus, to meet the amount in controversy, Plaintiff Moore would have to claim $44,001 in attorney's fees at the time of filing. The combined attorneys' fees associated with this action "up to and including filing the Complaint" are collectively $29,055, which is calculated by adding $15,540 claimed by Daniel Balsam, Esq. (ECF 12-3, Balsam Decl. ¶ 2), $7,275 claimed by Matthew Mendelsohn, Esq. (ECF 12-2, Mendelsohn Decl. ¶ 4), and $6,240 claimed by Jacob Harker, Esq. (ECF 12-4, Harker Decl. ¶ 2). This figure falls short of the $44,001 necessary to meet the amount in controversy requirement.

This Court therefore lacks subject matter jurisdiction over the action because the amount in controversy is not met, and Plaintiffs' motion to remand is **GRANTED**.

### C. Attorney's Fees and Costs

In connection with their motion to remand, Plaintiffs seek attorneys' fees pursuant to 28 U.S.C. § 1447(c). The Court finds that Defendants had an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual

8

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). The parties here are diverse and the amount in controversy alleged is fairly close to the threshold requirement for diversity jurisdiction. Therefore, the request for attorney's fees is **DENIED**.

### D. Motion to Dismiss

As the Court has found it lacks subject matter jurisdiction, it cannot reach the merits of Defendants' motion to dismiss, and the motion is **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand (ECF 12) is **GRANTED**. Defendants' motion to dismiss the Complaint (ECF 11) is **DENIED AS MOOT**. Plaintiffs' request for attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**. This matter is therefore **REMANDED** to the Superior Court of New Jersey, Law Division, Middlesex County and the case is **CLOSED**. An appropriate order will follow.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: José R. Almonte, U.S.M.J.
  Parties